CHRISTIAN F. MEYER, Appellant, v. JULIUS BRENZINGER et al., Respondents.

(Supreme Court, Appellate Term, February, 1898.)

Contract — Exclusive license to use a patent — Construction.

　An agreement by the terms of which licensees, in consideration of the exclusive use for one year of a patent, expressly promise the patentees to sell not less than a certain number of buttons within the year and also pay a royalty on each button sold and which subsequently provides that, if the licensees do not sell the prescribed number, they shall lose their option of renewing the contract or of buying the patent itself at the end of the year, entitles the patentees to the absolute payment of royalties on the minimum number fixed, irrespective of the number sold; and the contention that the only effect of failing to sell the minimum number was to forfeit the option, renew the contract or buy the patent, is not tenable.

APPEAL from judgment of the Eleventh Judicial District Court.

Charles A. Brodek, for appellant.

Robert Goeller, for respondents.

BEEKMAN, P. J. The two papers, respectively signed by the plaintiff and his assignor, on the one part, and by the defendants on the other, are to be considered together as embodying the contract which was entered into between them. They were simultaneously executed and delivered and relate to the single transaction with which the parties were dealing. By the terms of the agreement, the plaintiff and his assignor, who were doing business under the name of the La Lune Novelty Company, agreed to pay to the defendants, who were the inventors and patentees of an article described as a "coin button holder," one-quarter of a cent royalty on each button sold by said company within one year from the date of the agreement; the company further agreed to sell not less than 250,000 buttons within that period. The defendants bound themselves to transfer to the company the exclusive control of the patent and the exclusive right to manufacture buttons under the same for the same time, and also gave to said company an option on the expiration of the contract either to renew the same or to buy the patent outright. It was, however, stipulated by the company, that " if the La Lune Novelty Co. should not come up to the agreed sale of 250,000, said company will lose their option of renewing this contract or buying the patent at the end of the year of this contract." The royalty was to be paid at the end of each month, and one of the defendants was to have the right to inspect the books of the company at any time with respect to the extent of the sales made. Simultaneously with the delivery of the contract, the company paid to the defendants the sum of $200, and received a receipt therefor, stating that the payment was made " on account of royalty for coin buttons."

It appears that during the year specified the company failed to sell more than 12,000 buttons, the royalty upon which, at the rate agreed upon, amounted to $30. The plaintiff, to whom his copartner has assigned his interest in the claim, now sues to recover the sum of $170, being the difference between the amount of the sum so paid on the delivery of the contract and the royalty on the actual sales made. The theory of his action is that, under a proper construction of the contract, his company was bound to pay royalties only on sales actually made; that the only effect of the failure to comply with the agreement to sell 250,000 buttons was the forfeiture of the option to renew the contract or buy the patent, and that the defendants are liable for the amount sued for on equitable grounds for which an action for money had and received will lie.

Supreme Court, Appellate Term, February, 1898.        [Vol. 22.

We do not think there is any basis for this claim. The agreement on the part of the company to sell 250,000 buttons within the year is as plain as language can make it, and their failure to keep it entitled the defendants to receive a sum equivalent to a royalty, at the rate specified, on a sale of 250,000 buttons. This construction is both obvious and reasonable. The defendants had surrendered to the company for the period of a year the exclusive possession and use of the patent, and during that time they were precluded from deriving any advantage from it, except through the performance of the agreement under consideration. It was, doubtless, the expectation of the company that they would be able to sell at least 250,000 buttons within the prescribed period, and it was quite reasonable that the defendants, in consideration of the exclusive rights which they had conferred, should require that, so far as they were concerned, such expectation should be reduced to a certainty. In short, the agreement was that the defendants should receive for what they gave at least the sum of $625, and as much more as might result from sales actually made by the company in excess of 250,000 buttons.

The counsel for appellant points to certain provisions of the contract which he claims negative this construction. His contention would be quite potent if the contract provided that the company should sell 250,000 buttons, but no more. It loses all force, however, in view of the fact that the number thus mentioned is a minimum and not a maximum limit. The agreement was made with a view to the widest attainable field of trade, and the provisions referred to are appropriate to this manifest purpose. It is urged that the provision for a forfeiture of the option conferred upon the company to renew the contract or purchase the patent, in case the sales did not reach the minimum limit, is without reasonable support, if it be held that the defendants are entitled to receive the same benefit under the contract that they would if the sales had actually attained such limit. But the counsel for the appellant apparently loses sight of the fact that the defendants were naturally interested in extending the trade in the buttons as widely as possible, and it was both reasonable and prudent that they should reserve to themselves, as they did, full liberty of action to resume the business, at the end of the year, for the purpose of widening the market for their product through their own efforts or through some other agency more capable and enterprising than the La Lune Novelty Company.

It may further be said that the unqualified payment by the plaintiff and his assignor of the sum of $200 simultaneously with the execution of the contract is more consistent with the construction which we have given to that instrument than that for which the appellant contends.

The conclusion to which we have come renders it unnecessary for us to consider the other questions raised on the appeal. As we are of the opinion that the court below was clearly right in dismissing the complaint on the grounds which we have discussed, the judgment must be affirmed, with costs.

GILDERSLEEVE and GIEGERICH, JJ., concur.

Judgment affirmed, with costs.